OLLIE M. REED et al., Petitioners, v. HENRY L. BRIGHT et al.

In Banc, February 9, 1911.

1. WRIT CORAM NOBIS: Circuit Courts: Prohibition. Circuit courts can entertain writs of error *coram nobis*, or motions in the nature of the common law writ of error *coram nobis*. But writs of prohibition from the Supreme Court to the circuit judge will lie to prohibit him from exceeding his jurisdiction in ruling upon a writ *coram nobis*.

2. ————: Motion: Knowledge: Motion for New Trial. A motion in the nature of the common law writ of error *coram nobis*, filed in the original case, cannot be used to reach error in the record of which movent had knowledge or the means of knowing by reasonable diligence. For instance, where the record recites the filing and overruling of a motion for a new

trial and contains an order allowing an appeal, a motion in the nature of the writ *coram nobis* charging .that no motion for a new trial and no affidavit for appeal were filed during the term, will not reach the matter, because the parties could easily .have ascertained whether or not such motion and affidavit had been filed.

3. ————: Attacking Record. A writ of error *coram nobis* cannot be used to falsify the record. It cannot be used to attack the verity of the record showing a motion for a new trial was filed and overruled and an order allowing an appeal made, by charging no such motion had in fact ever been filed or any affidavit for appeal. That error of fact cannot be reviewed upon writ of error *coram nobis*.

4. ————: Matters of Procedure: After Appeal. As a general rule the writ of error *coram nobis* is one which strikes at the judgment on the merits. Where all the errors of fact complained of relate to matters of procedure and orders made thereon after the judgment was rendered and an appeal taken, the court does not have jurisdiction to issue a writ of error *coram nobis* and uproot its own judgment pending the appeal.

5. APPEAL: Subsequent Jurisdiction. After the adjournment of the term at which a judgment was rendered and an appeal was allowed, the trial court is divested of jurisdiction to set aside the order granting an appeal on the ground that the record recital that a motion for a new trial was filed and overruled and that an affidavit for an appeal was filed, was false. After the appeal the jurisdiction as to the judgment of the cause is vested in the appellate court.

Prohibition.

PEREMPTORY WRIT AWARDED

*J. B. McGilvray* and *R. A. Mooneyham* for petitioners.

(1) A demurrer to the petition and rule in prohibition admits every allegation of the petition well pleaded. State ex rel. v. Shepherd, 192 Mo. 497. (2) Prohibition lies whenever the lower court is without jurisdiction or is acting in excess of jurisdiction or abuse of its powers, and no other remedy is available. State ex rel. v. Wood, 155 Mo. 425; Railroad v. Wear,

135 Mo. 230; State ex rel. v. Elkins, 130 Mo. 90; State v. Hirsel, 137 Mo. 447; State v. Court of Appeals, 99 Mo. 216; State v. Withrow, 133 Mo. 522; State v. Sale, 188 Mo. 493.   (3)   Where an appeal is perfected the cause is pending in the appellate court, and no further order can be made in the cause by the trial court unless it be an order vacating the appeal made during the term.   2 Ency. Pleading, p. 327; Oberkotter v. Luebering, 4 Mo. App. 481; State ex rel. v. Anthony, 65 Mo. 553; Bull v. Meeks, 20 Mo. 359; Ladd v. Couzins, 35 Mo. 513; De Kalb County v. Hixon, 44 Mo. 341; Stewart v. Stringer, 41 Mo. 400.   An appeal to the Supreme Court from a judgment of the circuit court invests the Supreme Court with, and deprives the circuit court of, all jurisdiction over the cause, and this is so although no appeal bond was given and there was no *supersedeas* of the judgment, and pending the appeal the circuit court can make no order vacating the judgment and setting aside a sale thereunder. Burges v. O'Donoghue, 90 Mo. 299; Keller v. Cashman, 118 Mo. App. 384; Cassidy's Appeal, 112 Mo. App. 717.   Where an appeal has once been granted the power over the subject is *functus officio* and cannot be exercised a second time.   State v. Anthony, 65 Mo. App. 553; Brill v. Meek, 20 Mo. 359.   An appeal from a judgment of the circuit court invests the appellate court with, and deprives the circuit court of, jurisdiction over the cause.   Stewart v. Stringer, 41 Mo. 400; Brill v. Meek, 20 Mo. 359; Jones v. Insurance Co., 55 Mo. 342; Burgess v. Donoghue, 90 Mo. 299; Ladd v. Couzins, 35 Mo. 513; DeKalb County v. Hixon, 44 Mo. 341.   But pending the appeal no order vacating the judgment (or setting aside a sale thereunder) can be made, and no further proceedings in the case can be had in the trial court.   State v. Musick, 7 Mo. App. 597; Woolaston v. Mendenhall, 1 Del. Ch. 23; Levi v. Karrick, 15

Ia. 444; Helen v. Boon, 29 Ky. (6 J. J. M.) 351; Williams v. Chew, 6 Mart. (N. S.) 464; Longbottom v. Babcock, 9 La. 44; Mason v. Jones, 2 Bradf. (Sur.) 325; Suggs v. Suggs, 1 Tenn. (1 Overt.) 2. The case is none the less pending in the appellate court, though the transcript is not actually filed in such court. Foster v. Rucker, 26 Mo. 494. It seems that a court has the power during the term, at the request of appellant, to set aside an order granting an appeal, and thus vacate the appeal which has been granted in appellant's favor. The court cannot, however, vacate an order allowing an appeal after due expiration of the term at which such order is made. 1 Cyc. 814; Oberkoeeter v. Luebering; 4 Mo. App. 481; State ex rel. v. Gates, 143 Mo. 63; Burgess v. O'Donoghue; 90 Mo. 299; Bank v. Allen, 68 Mo. 474. A judgment *nunc pro tunc* can only be made upon evidence furnished by the papers and files in the cause, or something of record or in the minute book, or the judge's docket to amend by. Collier v. Lead Co., 208 Mo. 272; Railroad v. Holschlag, 144 Mo. 256; Young v. Young, 165 Mo. 630; Atkinson v. Railroad, 81 Mo. 50; Belkin v. Rhodes, 76 Mo. 643; State v. Primm, 61 Mo. 166; Robertson v. Neal, 60 Mo. 579; Burnside v. Wand, 170 Mo. 543; State v. Libby, 203 Mo. 597; Stidd v. Railroad, 211 Mo. 416; Reed v. Colp, 213 Mo. 587; Gamble v. Daugherty, 71 Mo. 599. (4) A properly authenticated transcript of the proceedings in the trial court imports absolute verity and cannot be contradicted by affidavits nor in any other manner. State v. Blunt, 110 Mo. 336; Wells v. Lea, 20 Mo. App. 352; Bradley-Hubbard Mfg. Co. v. Bean, 20 Mo. App. 111; 2 Ency. Pl. and Prac., p. 296; Hyath v. Wolfe, 22 Mo. App. 200. (5) To entitle respondents to a writ of error *coram nobis* there must have been, unknown to the court, some pre-existing fact which, if known, would have prevented the court from rendering judgment, for if

the facts were known to the court, and the court acted erroneously or illegally, then it was an error of law on the part of the court and should be taken to a higher tribunal by appeal or writ of error, instead of making application to the trial court itself. Marble v. Van Horn, 53 Mo. App. 364; 1 Black on Judgments, sec. 300; 2 Freeman on Judgments, sec. 94; Milan v. Robertson, 47 Tex. 222; Hawkins v. Bowie, 9 G. & J. 428. The function of a writ of error *coram nobis* is to vacate a judgment in the court in which it was rendered, by apprising that court of some fact, previously unknown, which, if known, would have prevented the, rendition of the judgment. Hadley v. Bernero, 103 Mo. App. 549; Smith v. Young, 124 Mo. App. 74. In this motion filed by the defendants in the circuit court nor in the affidavits in support thereof is there any allegation that the facts upon which the motion is based were unknown to the court. On the contrary it affirmatively appears from the motion that the court knew that counsel for the plaintiffs was not present in court and it also affirmatively appears that the court knew that the motion for a new trial and the affidavit for appeal had not been filed, hence the facts being fully known to the court cannot be reached by a simple motion filed after the adjournment of the court, nor by a motion in the nature of a writ of error *coram nobis*. State v. Stanley, 225 Mo. 525; State v. Wallace, 209 Mo. 365. The law is that the writ of error *coram nobis* does not lie if the complaining party knew the fact complained of at the trial or at the time the error was made or before, or by reasonable diligence could have known it, or was otherwise guilty of neglect. 4 Ency. Pl. and Pr., 29; Jackson v. Milson, 6 Lea 515; Marble v. Van Horn, 43 Mo. App. 361; Brandon v. Diggs, 1 Heisk. 472; Hadley v. Bernero, 103 Mo. App. 563; McKinley v. Buck, 43 Mo. App. 488; 1 Freeman on Judgments, 94; Asbell v. State, 62 Kan. 214.

*J. D. Harris* for respondents.

(1)   The circuit court has jurisdiction to entertain the motion in the nature of a writ of error *coram nobis.* It is a motion exclusively within the jurisdiction of the same court which rendered the judgment or made the order, and brings its own judgments before it for review and reversal or modification, on account of some error of fact, not of law, affecting the validity and regularity of the proceedings and which was not brought into the issue.   State ex rel. v. Riley, 219 Mo. 667; 23 Cyc. 883; Latshaw v. McNees, 50 Mo. 381; Powell v. Gott, 13 Mo. 458; Craig v. Smith, 65 Mo. 536; Cross v. Gould, 131 Mo. App. 597; State ex rel. v. White, 75 Mo. App. 257; Dugan v. Scott, 37 Mo. App. 663; State ex rel. v. Horine, 63 Mo. App. 1; State v. Heinrich, 14 Mo. App. 146.   The writ of error *coram nobis,* and the motion which has superseded it in modern practice, has always been recognized by the courts of this State as the proper remedy where a judgment has been rendered against a party in consequence of an error of fact which does not appear on the record. State ex rel. v. Riley, 219 Mo. 667; 11 Ency. Pl. and Prac. 847; 23 Cyc. 883; Cross v. Gould, 131 Mo. App. 685; Heard v. Sack, 81 Mo. 610; Calloway v. Nifung, 1 Mo. 223; Dugan v. Scott, 37 Mo. App. 663; Latshaw v. McNees, 50 Mo. 381; Walker v. Deaver, 79 Mo. 664. There is no limitation for filing the motion in the nature of a writ of error *coram nobis,* and if the party filing the motion is otherwise entitled to the relief which he seeks he cannot be deprived of it on the ground that the motion was not seasonably filed. State v. Heinrich, 14 Mo. App. 149; State ex rel. v. Riley, 219 Mo. 683; Latshaw v. McNees, 50 Mo. 381; 23 Cyc. 885; Cross v. Gould, 131 Mo. App. 585; State ex rel. v. White, 75 Mo. App. 257; Powell v. Gott, 13 Mo. 458; Cross v. Gould, 131 Mo. App. 585; State ex rel. v.

White, 75 Mo. App. 257; Craig v. Smith, 65 Mo. 53; Latshaw v. McNees, 50 Mo. 381; State ex rel. v. Horine, 63 Mo. App. 1. The writ of error *coram nobis* must be founded upon and supported by evidence *aliunde* the record, and its office is to correct the record on account of some error of fact, not of law, which does not appear of record. State ex rel. v. Riley, 219 Mo. 667; Cross v. Gould, 131 Mo. App. 585; Latshaw v. McNees, 50 Mo. 381. (2) The court had lost its jurisdiction of the case, but not of its records. It had authority, as well after as before the appeal, to amend its records according to the truth, so that they should accurately express the history of the proceedings which actually occurred prior to the appeal. DeKalb County v. Hixon, 44 Mo. 341; Welch v. Damon, 11 Gray 383; Chichester v. Cande, 3 Cow. 42; Mechanics' Bank v. Minthorne, 19 Johns. 244; Richardson v. Mellish, 11 Eng. C. L. 173; State v. Biesemeyer, 136 Mo. App. 671; Bank v. Allen, 68 Mo. 474; Ross v. Railroad, 141 Mo. 397; Sublette v. Railroad, 66 Mo. App. 334; Burdett v. Dale, 95 Mo. App. 514; In re Grading Bledsoe Hill, 222 Mo. 609. (3) The writ of prohibition goes only to restrain the assumed exercise of jurisdiction where none exists, and not to its erroneous or irregular exercise. State ex rel. v. Burckhartt, 87 Mo. 537; State ex rel. v. Court of Appeals, 99 Mo. 221; State ex rel. v. Klein, 116 Mo. 268. If the lower court has jurisdiction to determine the question before it, prohibition will not lie. State ex rel. v. Court of Appeals, 99 Mo. 221; State ex rel. v. Burckhartt, 87 Mo. 533. That the circuit court has jurisdiction of the motion in the nature of a writ of error *coram nobis,* is a proposition sustained by such authority as to render it invincible to attack at this day. State ex rel. v. Riley, 219 Mo. 667; Latshaw v. McNees, 50 Mo. 381; Cross v. Gould, 131 Mo. App. 597; Craig v. Smith, 65 Mo. 536; State ex rel. v. White, 75 Mo. App. 257; Dugan v. Scott, 37

Mo. App. 663; Powell v. Gott, 13 Mo. 458; State ex rel. v. Horine, 63 Mo. App. 1; State v. Heinrich, 14 Mo. App. 146; Ex parte Toney, 11 Mo. 661. Prohibition can never be employed as a process for the correction of errors of inferior tribunals. State ex rel. v. Burckhartt, 87 Mo. 537; State ex rel. v. Klein, 116 Mo. 268; Shaw v. Pollard, 84 Mo. App. 288. Prohibition cannot be made to perform or usurp the functions of an appeal. Mastin v. Sloan, 98 Mo. 252; State ex rel. v. Stobie, 194 Mo. 52; State ex rel. v. Anthony, 65 Mo. App. 554; State ex rel. v. Burckhartt, 87 Mo. 538; State ex rel. v. Klein, 116 Mo. 268; State ex rel. v. Hough, 193 Mo. 648.

GRAVES, J.—This is an original action in this court, the purpose of which is to prohibit the respondent, Henry L. Bright, as one of the judges of the Jasper County Circuit Court, from cancelling certain orders in the case of Ollie M. Reed et al. v. Samuel Moss et al., defendants. To abbreviate, the pleadings show that in the case aforesaid judgment was entered for the defendants. The record of the court also shows that on the day such judgment was entered, the following entries of record were made in the court presided over by the said Bright, the respondent herein:

"Trial by court and decree for defendants as prayed and as per record entry.

"Motion for new trial filed.

"Motion for new trial overruled.

"Affidavit for appeal filed.

"Docket fee of $10 deposited.

"Appeal granted to Supreme Court.

"Appeal bond in the sum of $500 to be filed with and approved by clerk within ten days after adjournment of present term of court; leave to plaintiff to file bill of exceptions on or before the 3d day of February, 1910, term."

These records are from the clerk's minutes, but it is pleaded, and therefore admitted, because respondent stands here upon a demurrer, that they were fully spread of record in the usual and customary form on the same day and before the court adjourned. The court adjourned for the term on the day this judgment was entered, and the records perfecting the appeal were made.

By proper order of court the time for filing the bill of exceptions was extended, so that the rights of the appellants were duly preserved, but for the threatened action of the respondent, which action it is averred was beyond his power at the time under the facts pleaded.

Later the defendants, in the suit aforesaid, after the appeal was granted to this court and all the entries made as above set out, filed a motion in the nature of an application for an order for writ of error *coram nobis*. This application sets out all of the records written up from the minutes of the clerk herein above set out and then thus concludes:

"The defendants state that in truth and in fact no motion for new trial was filed by plaintiffs in said case on the 18th day of December, 1909, and that no such motion was filed during the said November, 1909, term of said circuit court; that no affidavit for appeal was filed on said 18th day of December, 1909, that no affidavit for appeal was filed during said November, 1909, term of said circuit court, and that no affidavit for appeal was filed at any time in said case, and that no bond for appeal was ever filed therein. Defendants further state that on the 20th day of December, 1909, two days after the final adjournment of said November term of said court, R. A. Mooneyham, one of the attorneys for the plaintiff, filed with the clerk of said circuit court, an instrument purporting to be a motion for a new trial in said cause, and that James Burke,

deputy circuit clerk of said court, as such deputy clerk dated back the time of the filing of said purported motion for new trial, so that the filing date indorsed on said purported motion for new trial showed that it had been filed on the 18th day of December, 1909, while in truth and in fact said purported motion for new trial was filed on the 20th day of December, 1909, and in vacation of said court. And that the record of the filing of a motion for new trial by plaintiffs on the said 18th day of December, 1909, the record of the court's action in overruling said motion on said day, the record of the filing of an affidavit for appeal and the record of the court's action thereon in allowing an appeal to the Supreme Court on said date; the order allowing plaintiffs leave to file a bill of exceptions in said cause on or before the 3d day of the next term of court thereafter and the court's order fixing the amount of the appeal bond, and allowing same to be filed with and approved by the clerk of said court within ten days after the final adjournment of court, were all ordered made and done in consequence of the errors of fact as hereinbefore set forth, but which do not appear on the record. So that in said proceedings there is manifest error prejudicial to the rights and interests of the defendants.

"Wherefore, the premises considered, the defendants pray that this honorable court vacate the said orders and entries of records showing the filing of said motion for new trial, the overruling of the same; the filing of an affidavit for an appeal from said judgment, and the allowance of such appeal to the Supreme Court; the order for the appeal bond, with leave to file with the clerk as aforesaid; and the order granting to plaintiffs leave to file bill of exceptions in said case, and that all said records be vacated and for naught held; and for all and such other relief as to the court may seem meet and proper."

Relator's petition sets out all the facts and records in the case of Reed et al. v. Moss et al., and concludes by charging that the said Bright was threatening to assume jurisdiction and hear and determine said motion, and was threatening to sustain the same on September 3, 1910, and would sustain the same on that day unless prohibited by this court. It is further averred that his threatened action was beyond the jurisdiction of said respondent in said cause.

Preliminary rule was granted in vacation by the late Chief Justice James D. Fox, and the respondent has filed return in the nature of a demurrer, and stands thereon. The facts are therefore admitted and we have purely questions of law. This is a sufficient statement of the case as to facts.

I. It stands admitted by the return in the nature of a demurrer that the respondent is assuming to act on the motion filed by the defendants in the original suit, and not only so, but that he would have sustained the same on the date named, but for the intervention of our preliminary rule to show cause. If therefore under the facts stated the respondent was without lawful authority or jurisdiction to act, the final writ should go.

That circuit courts in this State can entertain writs of error *coram nobis,* or motions in the nature of the common law writ of error *coram nobis,* is unquestioned. [State ex rel. v. Riley, 219 Mo. 667, and the cases therein reviewed; State v. Stanley, 225 Mo. 525, and the cases therein reviewed.] The rule in this State is the general rule. The status of the writ is firmly fixed in the modern practice, but of common law origin. In 5 Ency. of Pl. and Prac., p. 30, it is said: "Notwithstanding occasional statements that the writ of *coram nobis* has 'fallen into desuetude,' and that 'redress obtained through its aid is now sought by motion,' it was a part of the common law received from

the mother country, and, when not specially abrogated by statute, still remains a factor in modern practice.''

But the question we have here is, whether or not, notwithstanding this general jurisdiction in circuit courts, the respondent in the present court was exceeding such jurisdiction in the present case. We are convinced that respondent was exceeding his jurisdiction in this case, and for the several reasons that we discuss next.

II.   The writ of error *coram nobis* is a part of the common law to which we have fallen heir.  No statute in this State undertakes to define this power of a court of general jurisdiction, nor do our laws prescribe the procedure.   We must therefore look to the common law for the scope of the writ as well as for the procedure.

In this State, as will be seen from the cases cited, supra, the courts have treated certain motions as being in the nature of the common law writ of error *coram nobis*.   But the case law of this State and elsewhere precluded the respondent from so treating the motion in this case.   The motion upon its face does not go to that class of error in fact, which is reached by the writ of error *coram nobis*.   The motion states the facts relied upon.   It avers they were unknown to defendants in the original case, but upon its face the motion further shows that the alleged unknown facts could have been known by the exercise of diligence upon the part of the parties.   The parties in the original case were in court for all purposes from the beginning to the end.   The files of the court were open to inspection.   Such parties are presumed to have been in court when these several orders were made.   A casual examination of the files would have shown that there was no motion for new trial or affidavit of appeal filed.   The objection to the several orders could have then been made.

In discussing a very similar question ELLISON, J., in Marble v. Vanhorn, 53 Mo. App. 1. c. 364, said: "There is another important rule found in this branch of the law, viz., that where the party complaining knew the fact, *or might have known it*, and failed to bring it to the attention of the court he cannot afterwards do so."

This language was quoted with approval by this court in the very recent case of State v. Stanley, 225 Mo. 1. c. 532. After thus approving this language from one of our own courts, we in that case collated the authorities from other jurisdictions and quoted therefrom. We then said: "And this is the rule in other jurisdictions. In Asbell v. State, 62 Kan. 1. c. 214, the court said: 'It cannot reach any matter of fact known to the court, for such would be error of law, and might be remedied by writ of error. Nor can the writ reach matters of fact known, or which by the exercise of reasonable diligence could have been known, to or by the party making the application at the time of the court's error. Nor can the writ give a new trial on the grounds of evidence going to the merits, but undiscovered in time for use on the original trial, or newly-discovered evidence.' In Sanders v. State, 85 Ind. 1. c. 326, Judge ELLIOTT, speaking for the court, said: 'The writ of error *coram nobis* is not intended to authorize any court to review and revise its opinions; but only to enable it to recall some adjudication made while some fact existed which, if before the court, would have prevented the rendition of the judgment, and which, without any fault or negligence of the party, was not presented to the court."

The general rule is thus summarized in 5 Ency. of Pl. and Pr., p. 29: "The writ will not lie where the party complaining knew the fact complained of, at the time of or before trial, or by the exercise of reasonable diligence might have known it; or is otherwise

guilty of personal negligence in the matter; or when proper advantage could have been taken of the alleged error at the trial.''

So in the case at bar, every alleged unknown fact stated in the motion is one which should have been known and called to the attention of the court when these orders were made. The exercise of any diligence whatever would have disclosed the absence of these papers from the files.

III.   There is yet a stronger reason why the motion filed in the case under consideration cannot be entertained as a writ of error *coram nobis*. Said motion attacks the record and the verity thereof. This can never be done in writs of error *coram nobis*. In other words, the error of fact charged in the petition or motion for a writ of error *coram nobis* must be consistent with the record in the case. It must not attack the verity of the record.

In 5. Ency. of Pl. and Pr., p. 34, the general rule is thus stated: ''The petition should not assign as error any fact adjudicated in the former suit, or any fact which contradicts the record.''

The record in this original case shows the filing of the motion for new trial and the affidavit for appeal. It is presumed the court satisfied itself as to the filing of these papers before making these orders and passed judgment upon the sufficiency thereof in making the orders made. At any rate the error of fact charged is one which contradicts the recital of the record itself, and is not an error of fact which can be reviewed upon writ of error *coram nobis*.

In the case of Williams v. Edwards, 12 Ired. 118, RUFFIN, C. J., for the North Carolina court, has elaborately discussed the question. Among many other things thereon, he said:   ''An averment of fact against the record cannot be heard in a case of this

kind more than in others. [Bac. Abr., Error, K. 3.] Only such errors in fact can be assigned as are consistent with the record. When an infant, for example, is sued, there is nothing to enable the court to see that he is or is not an infant. The law considers that, as an infant, he has not discretion to choose an attorney, and therefore will not let him appear by attorney, but requires the court to appoint a fit person his guardian to make defense for him. As the court does not know the defendant's infancy, it is the part of the plaintiff to ascertain and make known the fact, so as not to allow the court to decide against a person under disability, for whom the full defense may not have been made which the law intends. For that fault the plaintiff's judgment must necessarily be reversed, so as to let in the other party to defend with all the advantages to which the law entitled him; and therefore the defendant may aver the fact of his disability which stands well with the record, in order that he may have the benefit of a legal defense. It is the same when a *feme covert* is sued without her husband.''

So, too, says the Alabama court in the case of Holford v. Alexander, 12 Ala. l. c. 286. ''It is said to be the general rule, 'that nothing can be assigned for error that contradicts the record; for the records of the courts of justice being things of the greatest credit, cannot be questioned but by matters of equal notoriety with themselves; wherefore, though the matter assigned for error should be proved by witnesses of the best credit, yet the judges would not admit of it.' Under the influence of this rule, it has been held that on a writ of error to reverse a fine, the plaintiff cannot assign that the conusor died before the teste of the *dedimus,* because that contradicted the record of the conusance taken by the commissioners; but the plaintiff may say that after the conusance taken, and before the certificate thereof returned, the conusor died,

because this is consistent with the record. So, where the record of a judgment recites that it was rendered by a court at which a judge mentioned *eo nomine* presided, it cannot be assigned (though in fact the court was held before his deputy according to the King's patent) that that judge was not there; for such allegation is contrary to the record. Again, it has been decided, for the reason above stated, that it shall not be assigned for error that the defendant filed his warrant to defend by A. B., his attorney, and that it appears on the judgment he appeared and defended by C. D., his attorney.' [2 Bac. Abr., Error, K. 2; 4 Dane's Abr., ch. 127, art. 7, sec. 6.]''

The Tennessee court in case of Carney v. McDonald, 10 Heisk. l. c. 234, thus speaks: ''There was no error in the dismissal of the petition for writ of error *coram nobis*. The statement that the cause was tried, and judgment rendered in the absence of petitioner's attorney, is insufficient, for two reasons: first, the record recites that the cause was tried in the presence of the attorneys of the parties. It is not competent to contradict the record, as ground for a writ of error *coram nobis*.''

The same court in Crawford v. Williams, 1 Swan l. c. 346, said: ''It is true that nothing can be assigned for *error in fact*, which appeared and was adjudged in the former suit, or which contradicts the record of that suit. [Bacon, Abr., Error.] And in Birch v. Trist, it is said that the error in fact must be of such a nature, as if true, will destroy the plaintiff's right of action. [8 East 415.]''

The motion in this case, which fulfills the office of a writ of error *coram nobis* in our practice, shows upon its face that its purpose is to contradict the solemn record of the court by parol testimony. It shows that the error in fact is not such as can be reached by the court in the exercise of its powers un

der the writ of error *coram nobis*. To undertake to reach and correct the errors of fact complained of here is in exercise of the power conferred by the ancient common law writ, and therefore beyond the jurisdiction of the court which tried to exercise it. Over this court respondent was judge, and threatened to exceed the limited powers conferred in cases of this kind.

IV. To our minds there are other and further reasons to restrain the threatened action of respondent. All of the errors of fact complained of go to pure matters of procedure and orders made thereon, occurring after the judgment on the merits. As a general rule the writ of error *coram nobis* is one which strikes at the judgment upon the merits. It relates to facts which will destroy that judgment.

But further in the case at bar, the original case by an order of appeal duly made by the respondent is now pending in this court. Whilst it is true that the trial court so far retains jurisdiction of a case appealed as to be able to make *nunc pro tunc* entries, from written data, and certify them to this court as part of the record, we do not think that it has such jurisdiction left as to authorize the issuance of a writ of error *coram nobis,* and upon a trial had, uproot its own judgment, pending the appeal here. An appeal, except for limited purposes, divests the trial court of jurisdiction. In this case the term had ended. Under such circumstances the general rule is that the circuit court is divested of jurisdiction and the jurisdiction as to the judgment and the cause is vested in the appellate court. [Brill v. Meek, 20 Mo. 358; Ladd v. Couzins, 35 Mo. 513; Burgess v. O'Donoghue, 90 Mo. 299; State ex rel. v. Gates, 143 Mo. 63; Donnell v. Wright, 199 Mo. 304.]

It can be safely said that the appeal at least robs the trial court of the right to so proceed after the

end of its term, as would divest the appellate court of jurisdiction of the cause.

The parties may have some form of remedy for the matter complained of, but the respondent exceeded his jurisdiction in attempting to have a hearing upon this motion. The permanent writ of prohibition should go and it is so ordered. Costs of this action to be taxed against relator.

All concur except *Valliant, C. J.,* absent.