256 S.W.2d 297 (1953)
JOHNSON et al.
v.
WILSON ESTATE, Inc. et al.
No. 28141.
St. Louis Court of Appeals. Missouri.
February 17, 1953.
Rehearing Denied April 17, 1953.
*298 Paxton H. Ackerman, St. Louis, for appellants.
David M. Grant, St. Louis, for respondents.
WEBER, Special Judge.
This cause of action originated in the Circuit Court of the City of St. Louis, wherein the plaintiffs sought to recover triple damages from the defendants for overcharge of rent under the Emergency Price Control Act, Rent Regulations, and for wrongful conversion of personal property. The sheriff made return of service February 14, 1950, stating that defendant Lyda Wilson was personally served and that the defendant corporation was served by delivering a copy of the writ and petition to Lyda Wilson as Chief Clerk of the corporation.
After the regular assignment procedure of the Circuit Court had been followed the cause was disposed of by default judgment on April 13, 1950, and an aggregate judgment was entered in favor of the plaintiffs and against both defendants in the amount of $1,805.50.
Defendants filed a motion to quash the execution on June 13, 1950. Execution issued June 21, 1950. Before the motion to quash was heard, defendants withdrew it on July 13, 1950, and on the same day filed their motion for writ of error coram nobis, seeking to cancel and expunge the record judgment and to quash the execution on the grounds that the return of the sheriff was false in that neither of the defendants were served as contained in the return.
Hearing was held on the writ of error on July 14, 1950, and testimony taken, over the objection of plaintiffs, revealed the following facts:
That the defendant corporation is a family corporation owning two pieces of rental property at 4340 Finney Avenue in St. Louis; that one Boyd Wilson, husband of defendant Lyda Wilson, was secretary of the corporation and on the date of service was in Pittsburgh, Pennsylvania, where he was temporarily employed; his wife was residing with him in Pennsylvania, but on the actual day of service was in New York City visiting a sister; that a young married daughter of the Wilsons, Jacqueline Birdie Adams, eighteen years of age, lived in the corporation property and was the person to whom the process was actually delivered; that a man came to the door posing as a special delivery man and handed her an unsealed envelope and left without saying anything further; she took the envelope upstairs to an uncle, they looked the papers over, noticed the envelope was improperly addressed and the name on it misspelled and the uncle advised her to send the papers to the attorney for plaintiffs, whose name was on the petition; that Mrs. Adams put the papers back into the same envelope and mailed them to plaintiffs' attorney, enclosing the following letter:
"Dear Sir:
"This letter was left with me by a man posing as a special delivery man. I have no authority to accept this for my mother and I am a minor. My mother is in Pittsburg, Pennsylvania. You can contact her at 1500 Commonwealth Building, Pittsburg, Pennsylvania.
"Yours truly,
"Mrs. Jacqueline Wilson Adams".
The testimony further disclosed that defendant Lyda Wilson did not return to St. Louis until March 3, 1950, and on March 5, 1950, a first child was born to her daughter Mrs. Adams. During the excitement of this occurrence no thought of the "papers" was had until a letter advising of the judgment was received from plaintiffs' attorney after the final date of judgment and soon thereafter the present proceedings were instituted.
At the hearing plaintiffs' attorney admitted, over objection, to receiving the *299 foregoing letter. The court below sustained the writ of error coram nobis, set aside and vacated the default judgment and quashed the execution and after plaintiffs' motion to review and set aside the court order was overruled the present appeal was taken.
It has long been the rule in Missouri that a sheriff's return is conclusive upon the parties to the suit and the injured party must seek his remedy for false return against the sheriff on his bond. Majewski v. Bender, Mo.App., 237 S.W.2d 235; Anthony v. Downs Amusement Co., 239 Mo. App. 1136, 205 S.W.2d 925; Bodine v. Farr, 353 Mo. 206, 182 S.W.2d 173; Smoot v. Judd, 184 Mo. 508, 83 S.W. 481; Hallowell v. Page, 24 Mo. 590.
In the Hallowell case, supra, and since, the Missouri rule has also been that an exception to the conclusiveness of the sheriff's return arises where the plaintiff has aided or knowingly taken advantage of the false return. Anthony v. Downs Amusement Co., supra; Bodine v. Farr, supra; White v. Hal-John Realty & Inv. Co., 226 Mo.App. 157, 43 S.W.2d 855; Ellis v. Nuckols, 237 Mo. 290, 140 S.W. 867; Strobel v. Clarke, 128 Mo.App. 48, 106 S.W. 585.
It is on the theory of the exception to the general rule that the defendants contended below, and contend here, their relief should be granted. The evidence introduced on the hearing on the writ of error coram nobis, standing uncontradicted as it was, justified the trial court in holding plaintiffs' knowledge of the flaw in the service brought the issues within the exception to the rule. The court below, by its action in sustaining the writ, evidently believed that service was not properly had upon the two defendants and that the plaintiffs knew this and took advantage of it.
We have no quarrel with the rule, the exception to the rule, or the court's conclusion as to the evidence, but the plaintiffs raised below, and raise here, the question of whether or not defendants pursued the proper remedy.
The question to be first determined here is not whether defendants are entitled to relief, but have they gone about getting relief in the manner approved by our courts? If they have pursued the wrong remedy the merits of their controversy cannot be considered by us at this time.
Let us look then to the nature of a writ of error coram nobis. It is an old common-law writ, filed in the same cause, which contemplates an assault upon the judgment for an error of fact dehors the record. The error must be such as would have prevented, if known, the rendition of the judgment challenged and is distinguished from an ordinary judicial error in a judgment reached in accord with the established rules of procedure. 49 C.J.S., Judgments, §§ 311-313, pp. 561-572; Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132; Badger Lumber Co. v. Goodrich, 353 Mo. 769, 184 S.W.2d 435; Townsend v. Boatmen's Nat. Bank, 340 Mo. 550, 104 S.W.2d 657; Crabtree v. Aetna Life Ins. Co., 341 Mo. 1173, 111 S.W.2d 103.
But the writ will not lie to attack the verity of the record or to falsify the record. As said in the case of Reed v. Bright, 232 Mo. 399, loc. cit. 413, 134 S.W. 653, loc. cit. 656, "Only such errors in fact can be assigned as are consistent with the record. When an infant, for example, is sued, there is nothing to enable the court to see that he is or is not an infant. The law * * * requires the court to appoint a fit person his guardian to make defense for him. * * * For that fault the plaintiff's judgment must necessarily be reversed, so as to let in the other party to defend with all the advantages to which the law entitled him; and therefore the defendant may aver the fact of his disability, which stands well with the record, in order that he may have the benefit of a legal defense."
To further explain, such a writ has been held to lie where the service is good on its face, and the right party has been served, but facts outside the record disclose that a fact existed which would have prevented the judgment if known to *300 the court below. The writ lies to reverse a judgment rendered against a party after his death, or a judgment against an infant, or against an insane person. Kings Lake Drainage Dist. v. Winklemeyer, 228 Mo. App. 1102, 62 S.W.2d 1101, loc. cit. 1103; In re Sheldon's Estate, 354 Mo. 232, 189 S.W.2d 235; Reed v. Bright, supra.
In the instant case the record shows proper service. If there were some fact consistent with this record, which if known to the court, would have prevented judgment, such as infancy or insanity of a party actually served, or the death of a party actually served, then the writ would lie. But here the contention is that the parties were not served at all, and that is an attack on the verity of the record and an attempt to falsify it, and while such conduct may be the basis for other action, it cannot, under the decisions of our courts, be made the basis for a writ of error coram nobis.
This may seem to be drawing a fine distinction, and it is; yet our courts have pursued this doctrine because the final judgments of courts should be surrounded with all the safeguards and protections available, lest the barriers be opened for promiscuous and fraudulent invalidation of judgments and thus more harm would be done in violating the finality of judgments than the worth of aiding the occasional person found in the situation of these defendants. And it may be pointed out that other remedies are available to them through which they may establish the truth of their contentions.
We therefore hold that defendants have sought the wrong remedy to alleviate their alleged wrong and a writ of error coram nobis will not lie under these circumstances. The court below should have denied the writ.
It is therefore ordered that this cause be reversed and remanded with directions to the court below to enter its order denying and overruling the writ of error coram nobis and the relief sought thereunder.
BENNICK, P. J., and ANDERSON, J., concur.