STATE ex rel. Phyllis SEALS et al., Relators,

v.

The Hon. Thomas F. McGUIRE, Judge, Circuit Court, St. Louis City, Respondent.

No. 62279.

Supreme Court of Missouri, En Banc.

Dec. 15, 1980.

Raymond Howard, Jr., St. Louis, for relators.

Edward C. Cody and Charles W. Kunderer, St. Louis, for respondent.

WELLIVER, Judge.

This is an original proceeding in prohibition instituted by two tenants of the St. Louis Housing Authority (hereinafter "Authority"), against Thomas F. McGuire, Judge of the Circuit Court of the City of St. Louis, Division 2. Relators seek a permanent writ of prohibition to prevent respondent from dismissing their petition for a restraining order which would enjoin execution on a default judgment entered against them in the Circuit Court of the City of St. Louis.

We find that respondent would exceed his jurisdiction by entry of the order dismissing the petition. The preliminary rule in prohibition will be made absolute.

Relators are tenants of the Authority, a municipal corporation organized under ch. 99, RSMo 1978. On January 28, 1980, relators were notified by the Authority that their tenancies would be terminated thirty days thereafter because of specified violations of the lease agreements. On May 2, 1980, the Authority obtained against both relators a default judgment in the Circuit Court of the City of St. Louis. On May 12, 1980, relators were notified of the default judgment by letter from the Authority, and were instructed to vacate the premises.

Relators thereafter filed in the circuit court a petition for a restraining order, wherein they alleged that the Authority "intentionally, wantonly, and maliciously conspired with Deputy Sheriff R. Norton, to make a false return of service in their eviction suit against plaintiffs in order to prevent palintiffs [sic] from defending against or knowing of the eviction suits against plaintiffs." The Authority's subsequent motion to dismiss was sustained by respondent. On July 15, 1980, this Court issued its preliminary rule in prohibition, prohibiting respondent from entering his order dismissing the petition.

The Authority asserts two grounds in support of its motion to dismiss and respondent's ruling thereon. First, it contends that in Missouri, a sheriff's return on service of process, regular on its face, cannot be questioned by collateral attack in equity; and, second, that the petition fails to state a claim upon which relief can be granted by the court for the reason that the allegations pertaining to fraud and conspiracy are mere conclusions.

"The common law or verity rule that a sheriff's return of process is conclusive upon the parties to the suit has been the accepted rule in Missouri since *Hallowell v. Page*, 24

Mo. 590 (1857)." *O'Neill v. Winchester*, 505 S.W.2d 135, 136–37 (Mo.App.1974). The rule has been applied in various procedural settings. *Underwood v. Underwood*, 463 S.W.2d 915, 918 (Mo.1971) (petition for review); *Germanese v. Champlin*, 540 S.W.2d 109, 112 (Mo.App.1976) (writ of error coram nobis); *Johnson v. Wilson Estate*, 256 S.W.2d 297, 299 (Mo.App.1953) (writ of error coram nobis); *Majewski v. Bender*, 237 S.W.2d 235, 238 (Mo.App.1951) (motion to set aside judgment and quash execution); *Anthony v. Downs Amusement Co.*, 239 Mo. App. 1136, 205 S.W.2d 925, 928 (1947) (petition for review and to set aside default judgment); *See also State ex rel. Frazier v. Green*, 143 S.W.2d 64, 66 (Mo.App.1940); *State ex rel. Brown v. Stewart*, 313 Mo. 1, 281 S.W. 768, 773 (1926); *Reiger v. Mullins*, 210 Mo. 563, 109 S.W. 26, 27 (1908).

■ If the sheriff's return is in fact false, the injured party has the remedy of an action against the sheriff on his bond. *Moore v. Securities Credit Co.*, 475 S.W.2d 430, 432 (Mo.App.1971); *O'Neill v. Winchester*, 505 S.W.2d 135, 137 (Mo.App.1974); *State ex rel. Moore v. Morant*, 266 S.W.2d 723, 726 (Mo.App.1954).

Relators argue that the action against the sheriff is not an adequate remedy in this case. They contend that the facts alleged in their petition constitute a fraud which goes to the procurement of the judgment.

■ We recognize that the jurisdiction of a court in equity may be invoked to set aside judgments procured by fraud. *Koeller v. Koeller*, 589 S.W.2d 620, 623 (Mo.App. 1979); *Hub State Bank v. Wyatt*, 589 S.W.2d 372, 374 (Mo.App.1979); *Picadura v. Humphrey*, 335 S.W.2d 6, 14 (Mo.1960); *Venegoni v. Guidicy*, 238 S.W.2d 17, 18 (Mo. App.1951).

■ It also is true that when considering allegations of the falsity of a sheriff's return, Missouri courts have recognized that if a petition in equity alleged that a return of service was false, and that the defendant

in equity either aided and abetted the sheriff in making the false return, or know of the false return and used it to his advantage, the resulting judgment could be treated as one procured by fraud. *See Johnson v. Wilson Estate*, 256 S.W.2d 297, 299 (Mo. App.1953); *Anthony v. Downs Amusement Co.*, 239 Mo.App. 1136, 205 S.W.2d 925, 928 (1947); *White v. Hal–John Realty & Investment Co.*, 226 Mo.App. 157, 43 S.W.2d 855, 856 (1931); *Ellis v. Nuckols, et al.*, 237 Mo. 290, 140 S.W. 867, 868 (1911); *Smoot v. Judd*, 184 Mo. 508, 83 S.W. 481, 494 (Mo. banc 1904). Where there is no allegation that the defendant in equity had any knowledge of, or involvement with, the alleged false return, the common law or verity rule will apply, even in equity. *Id.; Barnett v. Barnett*, 245 S.W. 579, 580 (Mo. App.1922).

The parties in oral argument indicated their belief that respondent's dismissal of the petition was based primarily upon his determination that the sheriff's return was conclusive on the parties, rather than a determination that the petition was defective because it averred only conclusions.

■ To the extent that respondent's ruling would deny relators a hearing on a petition properly alleging the Authority's fraudulent procurement of the default judgment by conspiring with the sheriff to make a false return, respondent would exceed his jurisdiction. For this reason, the preliminary rule in prohibition will be made absolute. *See State ex rel. Smith v. Greene*, 494 S.W.2d 55, 60 (Mo. banc 1973).

■ Nothing herein prevents the trial court in its discretion from ruling on whether this or an amended petition properly alleges the Authority's fraudulent procurement of the judgment by conspiring with the sheriff to make a false return.[1]

Rule absolute.

All concur.

---

1. Section 509.190, RSMo 1978, and Rule 55.15 require that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." If fraud is to be charged, "it is necessary that the same be made to appear from an allegation

of facts actually constituting fraud, indepen-dent of ... conclusions." *Venegoni v. Guidicy,* 238 S.W.2d 17, 19 (Mo.App.1951); *State ex rel. State Tax Commission v. Briscoe,* 451 S.W.2d 1, 5 (Mo. banc 1970); *Tolliver v. Standard Oil Co.,* 431 S.W.2d 159, 164 (Mo.1968). *See also White v. Mulvania,* 575 S.W.2d 184, 188 (Mo. banc 1978).