the weight of the evidence. An opinion would have no precedential value and we affirm in compliance with Rule 84.16(b).

The judgment is affirmed.

All concur.

---

In re the MARRIAGE OF Eunice B. ENKE and Delbert C. Enke.

Eunice B. Enke, Petitioner-Respondent,

and

Delbert C. Enke, Defendant-Appellant.

No. 12621.

Missouri Court of Appeals, Southern District, Division Three.

Feb. 1, 1983.

James B. Crenshaw, Centerville, for petitioner-respondent.

Sidney T. Pearson, St. James, Jay White, Rolla, for defendant-appellant.

PER CURIAM.

In this dissolution of marriage matter the husband contends that the trial court erred in awarding the wife $100 per month maintenance, in ordering him to pay her attorney fees, in allowing certain of her testimony as to value of property, in the division of marital property, and in not making specific findings of the value of items of marital property.

An examination of the record reveals that the trial court's judgment is supported by substantial evidence and is not against

---

Laymon BALLARD and Debria Carter, d/b/a Bluff Coin, Plaintiffs-Respondents,

v.

Dan RYAN and Nancy Ryan, Defendants-Appellants.

No. 12662.

Missouri Court of Appeals, Southern District, Division Three.

Feb. 1, 1983.

399

Keith S. Bozarth, Hyde, Purcell, Wilhoit, Spain, Edmundson & Merrell, Poplar Bluff, for plaintiffs-respondents.

John D. Eakes, Willow Springs, for defendants-appellants.

PREWITT, Judge.

Plaintiffs' petition sought $1,700.00. They received judgment against defendants for $1,384.75 and defendants appeal. Defendants present four points relied on which we discuss in the order stated in their brief.

The first point asserts that the trial court erred in failing to dismiss plaintiffs' petition because of improper venue. The petition alleged and evidence showed that plaintiffs were residents of Butler County and defendants were residents of Carter County. Suit was instituted in Butler County and service made in Carter County. The petition also alleged that the "transaction which forms the basis of this suit occurred in Butler County, Missouri." The suit was based upon breach of contract.

Venue was improper as this suit was not filed in a county where the defendants reside or where plaintiffs reside and the defendants may be found. See §§ 508.-

010, 517.020.1(1), RSMo 1978. However, the venue of an action is a personal privilege which may be waived. *In re the Marriage of Norman,* 604 S.W.2d 680, 681 (Mo.App. 1980). Defendants, who were not represented by counsel until after the judgment,[1] did not question venue until this appeal. By not questioning venue before the trial court and by appearing, raising other objections, and requesting continuances, defendants waived that objection. *Hutchinson v. Steinke,* 353 S.W.2d 137, 139 (Mo.App.1962); *Jones v. Church,* 252 S.W.2d 647, 648 (Mo. App.1952). Point one is denied.

Defendants' second point contends that the trial court "should have dismissed the Petition of the plaintiffs" because of improper service. Defendants supported their motion challenging service, with affidavits of defendant Nancy Ryan and of their son. Defendants contended that no one was present when a Carter County deputy sheriff came to their residence and that when defendant Nancy Ryan returned to the residence she found the summonses and petitions "wedged in the door jamb" of the residence's front door. A hearing was held on the motion but no testimony heard.

■ The return of a Missouri sheriff or his deputy on a summons served on a litigant in this state, made in accordance with the statute, is conclusive upon the parties to the suit. *State ex rel. Seals v. McGuire,* 608 S.W.2d 407, 408–409 (Mo. banc 1980); *O'Neill v. Winchester,* 505 S.W.2d 135, 137 (Mo.App.1974); *Williamson v. Williamson,* 331 S.W.2d 140, 144 (Mo.App.1960). Defendants contend that this rule is not applicable because the return "was irregular in that it appears to reflect both personal service and substituted service". We do not believe that is a reasonable construction of the return. A sheriff's return must receive a natural and reasonable interpretation and in order for such interpretation to apply, the return need not be in the exact language of the statute. *Ward v. Cook United, Inc.,* 521 S.W.2d 461, 469 (Mo.App.1975).

■ The return was made on a mechanically printed form and printed on it by hand was the statement that service was made by leaving a copy of the summons and petition at defendants' dwelling house or usual place of abode with a person of the family over the age of 15 years.[2] It thus appears clear to us that this was the manner of service attempted. It could be argued that the date the service was attempted is questionable because no date is inserted in the portion of the return where the printing by hand was located. Nov. 24, 1981 was inserted in two earlier parts of the form. However, no question of the date was raised in the trial court or here and the affidavits in support of defendants' motion challenging service verify that the summonses and petitions were left at the residence on November 24, 1981. A reasonable construction of the sheriff's return shows that it sufficiently stated adequate service.

■ Defendants also contend that even if the return is sufficient it is not conclusive because plaintiffs knowingly have taken advantage of a false return. When considering allegations that a sheriff's return was false, Missouri courts have recognized that if a petition in equity alleged that a return of service was false, and that the defendant in equity either aided or abetted the sheriff in making the false return, or knew of the false return and used it to his advantage, the resulting judgment would be treated as one procured by fraud. See *State ex rel. Seals v. McGuire, supra,* 608 S.W.2d at 409; *Johnson v. Wilson Estate,* 256 S.W.2d 297, 299 (Mo.App.1953). Even if we assume that such a contention may be presented at this time in the manner that defendants do so, it must fail as there is nothing in the record indicating that plaintiffs aided or abetted the sheriff in making a false return or knew that the return was false and used it to their advantage. Plaintiffs' attorney

1. An attachment to one of the motions filed by defendants states that defendant Nancy Ryan had "legal secretarial experience ... while an Arizona resident".

2. For manner of service see Rule 54.13; § 506.-150(1), RSMo 1978; § 517.020.1(2), RSMo 1978.

knew before the hearing on the motion that defendants were claiming that service was improper, but it was not established that it was improper or that plaintiffs or their attorney knew that the return was false.

While not a model to be followed, the return of service was sufficient, and was conclusive on defendants in this action. Point two is denied.

■ Defendants' third point alleges that the trial court erred in trying the case with a record being made and no trial de novo. As filed and because of the amount involved, an associate circuit judge had jurisdiction of the claim stated in the petition.[3] On January 20, 1982, the presiding judge of the circuit where the case was pending entered an order that this matter "be assigned to Division # II, Judge Wm. Batson, to be tried on the record with no trial De Nova."

Defendants contend that this order was void because the case was already properly triable before Judge Batson, under associate circuit court procedures, and could not be assigned to him as he had not certified[4] it to the presiding judge or had not been disqualified. We find nothing in § 517.010 or elsewhere in the statutes that would impose such a requirement. That section states that the order can be made even though the provisions of Chapter 517 would otherwise apply. It appears to us that it was intended that such an order can be made by the presiding judge without certification or disqualification. Defendants further claim that the court's order was void because it did not specifically state that the practice and procedure applicable before circuit judges shall apply. While the order did not specifically state that the practice and procedure applicable for circuit

judges shall apply, it was the obvious intent of the order that they would. Otherwise, the order would serve no purpose. Point three is denied.[5]

■ Defendants' fourth point contends that the trial court erred in trying the matter without a jury as defendants did not waive that right. No request for a jury or objection to the failure to have a jury was made by defendants before trial. By entering into a trial before the court without objection, trial by jury is waived. Rule 69.01(b)(4). See also § 510.190.2(4), RSMo 1978. Point four is denied.

The judgment is affirmed.

GREENE, C.J., CROW, P.J., and MAUS, J., concur.

---

3. See § 478.225.2(1), RSMo 1978. For the procedures to be followed generally for matters pending before an associate circuit judge see two works by Judge Robert S. Cohen, Actions Before Associate Circuit Judges, Missouri Civil Actions, Volume II, The Missouri Bar (1981), ch. 24, and Civil Practice Before Associate Circuit Judges Since The Court Reform, 37 J.Mo.Bar 217 (1981).

4. The principal reasons for certification are stated by Cohen (see footnote 3) in Missouri

Civil Actions, Volume II, § 24.30, and 37 J.Mo.Bar at 222.

5. Had defendants' contention been correct that the order of the presiding judge was void, then they would have been entitled to a trial de novo, which they did not request, and a question of our jurisdiction would have arisen. See *Plaza Point Investments, Inc. v. Dunnaway*, 637 S.W.2d 303 (Mo.App.1982).