Leroy **JONES**, Appellant,

v.

Rosalie M. **JACOBS**, Respondent.

**No. WD 55465.**

Missouri Court of Appeals, Western District.

March 9, 1999.

Larry Coleman, Kansas City, for Appellant.

Rosalie M. Jacobs, Kansas City, pro se.

SPINDEN, Judge.

Leroy Jones appeals the circuit court's judgment dismissing his paternity suit in equity in which he challenged the circuit court's order of child support entered against him in default in 1992. We dismiss the appeal.

In April 1992, the state filed a petition for reimbursement of public assistance expended in support of Rosalie Jacobs' minor child. The petition alleged that Jones was the father of Jacobs' child. The sheriff's affidavit of service certified that Jones was personally served on April 27, 1992, at Jones Place Bar. On June 17, 1992, the circuit court held a hearing on the petition and entered an order of default against Jones who did not file an answer or appear at the hearing. The order decreed that Jones was the child's father and ordered him to pay $146 a month in child support and $14 a month to reimburse the state for public assistance rendered to support the child. The record does not indicate whether Jones began paying child support after the court's order.

On February 18, 1997, Jacobs asked the circuit court to modify its child support order by increasing the amount of monthly child support and by requiring Jones to provide health insurance for the child. On March 19, 1997, Jones asked for an administrative hearing on Jacobs' request. The record does not indicate whether the circuit court granted the request.

On April 17, 1997, Jones filed this action in equity for determination of paternity and for relief from the default judgment of June 17, 1992. Jones alleged that he should be allowed to seek a determination of paternity pursuant to § 210.826.3 [1] by way of blood tests authorized by § 210.834.1 and that he was not the child's "presumed natural father"

---

**1.** All citations to statutes refer to the 1994 Revised Statutes.

as set forth in § 210.822. Jones also alleged that he was not served personally with process in accordance with Rule 54.13(b)(1) before the circuit court entered its default order of June 17, 1992, so the judgment should be set aside.[2] On January 7, 1998, the circuit court dismissed Jones' petition on the ground that Jones was not entitled to a blood test to contest paternity until he had convinced the circuit court to set aside the default judgment and had joined the state as an indispensable party. Jones appeals.

■ In his only point on appeal, Jones contends that the circuit court erred in dismissing his petition on the grounds that "he had not first sought to have the underlying paternity judgment set aside, as a condition precedent to obtaining a blood test, nor had he joined the state, an original party, in the equity proceeding." This point fails to comply with the rules of appellate procedure.

Rule 84.04(d) requires:

The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations or authorities thereunder. . . .

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

In his point relied on and in the argument portion of his brief, Jones did not address, much less support with authority, why the circuit court's bases for dismissing his petition were erroneous. Jones focuses the argument portion of his brief on the issue of whether he had been properly served in the default action, but he cites no authority to support his bald assertion that a hearing was required.

■ Concerning Rule 84.04(d), the Supreme Court said:

After stating the ruling the trial court actually made, it stands to reason that the point should then specify *why* the ruling was erroneous. This requirement essentially contemplates a statement which ordinarily will closely approximate what appellant believes should have been the trial court's conclusion of law on the point being addressed. After stating why the ruling was erroneous, the court then must be informed *wherein* the testimony or evidence gives rise to the ruling for which appellant contends.

*Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978) (emphasis added). Failure to explain "wherein and why" the circuit court's ruling was erroneous preserves nothing for appellate review. *Id.* at 684.

■ Generally, this court's policy is to decide a case on its merits rather than to disregard a technically deficient point unless a brief's deficiencies so impede disposition on the merits that the brief does not sufficiently advise this court or other parties of the "contentions asserted or the merit thereof." *J.A.D. v. F.J.D.*, 978 S.W.2d 336, 338 (Mo. banc 1998) (quoting *Thummel*, 570 S.W.2d at 686). A deficient point's root problem is that "this Court may interpret a contention differently than does the opponent or differently than was intended by the party asserting the contention." *J.A.D.*, 978 S.W.2d at 339. Appellate courts should not advocate for any party on appeal. *Id.* at 338. Our options are to disregard the defective point, to review the point for plain error, or to dismiss the appeal. *Id.*

Even if we were to review Jones' point, including any point raised within the body of his argument, the majority of his brief addresses whether an independent action in equity is a proper means for attacking a judgment in default. Nowhere in his argument does he delineate the elements necessary to bringing a suit in equity or how he met these requirements. Consequently, he also fails to address wherein and why the circuit court erred in dismissing his petition.

■ A person may sue in equity to set aside a judgment which was based upon extrinsic fraud on the court—that is, fraud which "prevent[s] a party from having a fair

---

2. What Jones prayed for in his petition was "relief consistent with the foregoing" allegations. Generally, the relief sought by an independent action in equity is to have a judgment set aside on the ground that extrinsic fraud had been perpetrated in the procuring of the judgment.

opportunity to appear and defend an action." *McKarnin v. McKarnin*, 795 S.W.2d 436, 440 (Mo.App.1990). The circuit court should not permit a party to use equity for the purpose of retrying the merits of a case. *Id.* To use equity to set aside a default judgment on the basis that a judgment was procured by fraud, a party must show that he "had a good excuse for being in default, ... had a meritorious defense to the action and ... plaintiff would not be substantially harmed by the delay resulting from the default being set aside." *Sullenger v. Cooke Sales and Service Company*, 646 S.W.2d 85, 89 (Mo. banc 1983). A party's not alleging that he is "free from fault, neglect, or inattention to his case[,]" precludes judgment in that party's favor. *Orrock v. Crouse Realtors, Inc.*, 813 S.W.2d 929, 932 (Mo.App.1991).

 While policy favors a trial on the merits, the circuit court has discretion to grant or to deny a motion to set aside a default judgment. *Human Development Corporation of Metropolitan St. Louis v. Wefel*, 527 S.W.2d 652, 655 (Mo.App.1975). We should overturn the circuit court's decision only when the circuit court abuses its discretion, and we should determine that the circuit court has abused its discretion only when the record clearly suggests "that the defaulting party has a good excuse for the default and a meritorious defense." *Id.*

 Lack of notice and failure of service of process could, under the proper circumstances, be sufficient to satisfy the first element for setting aside a default judgment. *State ex rel. Seals v. McGuire*, 608 S.W.2d 407, 409 (Mo. banc 1980). To establish this ground, the petition must allege that the sheriff's return was false and that "the defendant in equity either aided and abetted the sheriff in making the false return, or [knew] of the false return and used it to his advantage" to procure the judgment. *Id.* In the absence of such an allegation, the circuit court must deem the sheriff's return to be conclusive. *Id.* at 408–09.

 Jones' petition neither alleges that the return was false nor that the state or that Jacobs knew of the false return and took advantage of it to prevent Jones from contesting the petition. Moreover, the record rebuts Jones' allegation that the service of process was insufficient. The sheriff's affidavit was *prima facie* evidence which could be impeached only by clear and convincing evidence.[3] Rule 54.22; *State of Missouri ex rel. D.F.S. v. Sutherland*, 916 S.W.2d 818, 820 (Mo.App.1995).

 Jones' only allegation on appeal was that the circuit court erred in that it should have set aside the default judgment because he was not served at his place of residence. Rule 54.13(a)(1), which governed the service of process on an individual in April 1992,[4] said:

> Upon an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition to him personally or by leaving a copy of the summons and petition at his dwelling house or usual place of abode with some person of his family over the age of 15 years, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process.

Because the rule says that a person may be served personally anywhere *or* by delivering a copy of the summons at his dwelling house, Jones' reliance on the rule as a basis for showing error is mistaken.

 Jones also complains that the circuit court erred in listing as a basis for its decision that Jones had not joined the Division of Child Support Enforcement as a party to his petition to set aside the prior default judgment of paternity when the state was a party to the original action. Although Jones' petition lists the "Missouri Department of Social Services, Division of Child Support Enforcement," as a co-defendant in his motion to set aside, the record does not indicate that the agency received notice of the action or that it

---

3. The proper remedy for a party injured by a false sheriff's return is to file an action against the sheriff on his bond. *Seals*, 608 S.W.2d at 409.

4. The Supreme Court has since recodified the same language as 54.13(b)(1).

responded or participated in any way. Jones fails to support with reference to specific legal authority his point that the circuit court erred in dismissing his cause of action on this basis. This is a violation of Rule 84.04(d), and we, therefore, deem this point to be abandoned. *Wolfe v. State ex rel. Missouri Highway and Transportation Commission,* 910 S.W.2d 294, 298 (Mo.App.1995).

Not only did Jones not plead a proper cause of action before the circuit court, he did not heed the requirements of Rule 84.04 in appealing the circuit court's dismissal. Unable to decipher a complete point from Jones' argument and detecting no plain error, we dismiss his appeal. *Coleman v. Gilyard,* 969 S.W.2d 271, 274 (Mo.App.1998).

HAROLD L. LOWENSTEIN, Presiding Judge, and PATRICIA BRECKENRIDGE, Chief Judge, concur.